IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEX CAMPOS and
MICHAEL YORK,

                  **Plaintiffs,**

v.                                                                                          1:03-cv-3577-WSD

CHOICEPOINT SERVICES, INC.

                  **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Application of Lead Plaintiffs' Counsel Malakoff, Doyle & Finberg, P.C. and David Kupsky for Approval of Attorneys Fees & Costs and Incentive Awards to the Representative Plaintiffs [83] ("Application"),[1] Choicepoint Services Inc.'s Opposition to Application of Plaintiffs' Counsel for Approval of Attorneys' Fees [92] and Reply Memorandum in Support of the Motion of Lead Plaintiffs' Counsel Motion for Approval of Attorneys Fees & Costs [98]. On June 8, 2007, the Court conducted a hearing on the Application.

---

[1]Plaintiffs filed a Supplemental Application for Expenses of Litigation [90] and a Second Supplemental Application for Expenses of Litigation [111] claiming attorneys fees and expenses incurred in the action after the Application was filed. The Application and Supplemental Applications will collectively be referred to as the "Application".

**Background**

Plaintiffs brought this class action against Defendant ChoicePoint Services Inc. ("Defendant") for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Specifically, Plaintiffs alleged that Defendant violated § 1681g(a)(1) "by failing to disclose '*all* information in the consumer's file at the time of the request . . .' when requested by an individual and upon tender of the appropriate fee." (First Am. Class Action Compl. ¶ 1.)

Defendant, along with its subsidiaries, is in the business of "assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). (Def.'s Opp'n to Pls.' Mot. for Class Cert. at 3.) The information gathered by Defendant includes insurance policy and claim data contributed by insurance companies. Defendant offered this information for sale to consumers in discrete, subject-oriented reports, such as the "CLUE Auto" or "CLUE Property" reports.

Defendant maintains records of consumers who request information from them, classifying them as either (I) "curious" or (ii) "adversely affected" customers. (Pls.' Mot. for Class Cert. at 6.) A "curious" consumer is "someone [who] just wants to see their report," while an "adversely affected" consumer is "someone who has been 'impacted' by the issuance of a consumer report whether

2

by the denial of insurance or otherwise." (Pls.' Mot. for Class Cert. at 7.)

The named Plaintiffs in this lawsuit are Alex Campos ("Campos") and Michael York ("York"), "curious" consumers who each sent Defendant identical requests for information. Defendant apparently refused to disclose all of the information in Campos's or York's file, offering only the category specific reports. Plaintiffs claim that Defendant's failure to provide all the information contained consumer files upon request violates § 1681g(a)(1).

Plaintiffs requested class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). On March 28, 2006, the Court certified a class of "curious" consumers, consisting of all persons since November 24, 2001, who requested that ChoicePoint disclose their consumer report, tendered the applicable disclosure fee, but to whom ChoicePoint failed to disclose all the information in their files. The certified class was significantly smaller than the class for which Plaintiffs sought certification.

Discovery was conducted and on July 11, 2006, Defendant moved for summary judgment. In August 2006, the parties began settlement discussions and on October 13, 2006, the parties filed their Settlement Agreement to conclude the litigation. The agreement was preliminarily approved by the Court on December 21, 2006, and the Court directed that notice of the proposed settlement be given to

3

the class.

The settlement provided a mix of equitable and monetary relief. Specifically, the settlement provided for: (1) the creation of a procedure for consumers to request a copy of all information in their file (the "full file procedure"); and (2) damages of $60.00 per claimant, to be paid from a fund in the amount of up to $840,000.[2]  Class members who filed claims were also entitled to a free a copy of the information in their file maintained–that is–they were entitled to avail themselves of the full file procedure once for free.  The settlement class was estimated at between 12,000 and 14,000 consumers.

The settlement was finally approved by the Court on March 8, 2007.  The Court deferred consideration of Plaintiffs' request for attorney's fees and expenses until the Court could determine the class response to the settlement.

On June 8, 2007, the Court conducted a hearing on the Application.  Prior to the hearing, Plaintiffs provided a summary of the class response to the settlement. Plaintiffs reported that of the 10,760 notices sent to class members, only 545 claims were filed.  Of these, 515 were determined to be valid.  Of the 515 valid

---

[2] The agreement provided that a minimum of $168,000 would be paid by Defendant.  If claims asserted were less than $168,000 in the aggregate, the difference between the amount claimed and $168,000 would be paid to a nonprofit corporation agreed upon by the parties.

4

claims, only 456 class members requested a full file disclosure.

At the hearing, Plaintiffs sought approximately $766,000 in attorneys fees and $26,000 in expenses in the aggregate for all counsel representing the Plaintiffs. Fees were determined under the lodestar, rather than a common fund, method of calculation, at a rate of $400 per hour.

The Court advised the parties at the hearing of its concerns regarding the Application, particularly the attorney's fees claim. The Court stated specifically its concern with the quality of the evidence supporting an attorneys fees award, including inconsistencies in the evidence submitted, the amount claimed for Plaintiffs' relatively unsuccessful motion for class certification, and the very small response of the class to the settlement. The Court directed the parties to discuss whether they could agree on a reduced claim for attorney's fees. Plaintiffs and Defendant have agreed on and recommended attorney's fees in the amount of $425,000, and expenses in the amount of $25,782.55. The Court now considers whether these amounts are reasonable .

**B.**     **Discussion**

Plaintiffs seek to be reimbursed attorney's fees and expenses based on the lodestar calculation method. Defendant does not dispute this calculation method. It has contested only the reasonableness of the attorney's fees claimed in the

Application.  The Court, as it stated at the June 8, 2007, hearing, believed that the fees and expenses claimed in the Application were not supported by the record or by reason.  The Court, however, believes the amount upon which the parties have agreed is reasonable.

The Eleventh Circuit allows for an award of attorney's fees in class actions using the lodestar method.  <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988).  In evaluating the amount of a fee award, the Court first determines whether the fees requested are based on a reasonable hourly rate in the relevant legal market for similar services by lawyers of reasonably comparable skills, experience and reputation.  <u>Id.</u> at 1299.  Second, the Court must determine whether the hours expended were reasonable, that is whether a lawyer has exercised appropriate billing judgment to exclude hours for excessive, redundant, or otherwise unnecessary work.  <u>Id.</u> at 1301.  The application of a reasonable billing rate to the reasonable hours expended allows for the calculation of a reasonable lodestar.

The Court also may make lodestar adjustments.  "If the result was partial or limited success, then the lodestar must be reduced to an amount which is not excessive."  <u>Id.</u> at 1302 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983)); <u>Ass'n of Disabled Americans v. Neptune Designs</u>, 469 F.3d 1357, 1359 (11th Cir.

2006).  It is the Plaintiffs' burden to show the fees requested are reasonable. Norman, 836 F2d at 1303.

At the hearing on the Application, the Court cited specific examples from the materials submitted in support of the fee claim that the hours performed were unreasonable, including an insufficient basis for many of the hours claimed, facially unreasonable amounts of time claimed for specific tasks, and time recorded for unnecessary work.  In addition, the Court noted that the results achieved by Plaintiffs were significantly limited, as made apparent by the extremely low number of class members who considered the settlement of sufficient benefit to them to elect to participate in it.  While the Court acknowledged the intangible benefit of the full file disclosure procedure, the Court also noted that only 489 of over 10,000 claimants found this benefit desirable enough to ask for a free full file disclosure.

The Court has applied the Norman criteria to the agreed attorneys fees amount.  Having considered the evidence, the Court finds that an hourly rate of $400 is, albeit barely, a reasonable rate in the relevant legal market for similar services by lawyers of comparable skills, experience, and reputation.  In light of the agreed fee amount of $425,000, this rate represents 1,062.5 hours of service by Plaintiffs' attorneys on this matter.  These aggregate hours are reasonable,

especially considering the limited success of this litigation. Having carefully reviewed all of the billing records and expense records submitted, having carefully applied the Norman criteria and otherwise having evaluated the fees and expenses claim based on the Court's over 25 years experience in the profession including as a lawyer who litigated complex commercial cases, including class actions, the Court finds the reduced Application for attorneys fees in the amount of $425,000 is reasonable.

The Court has also considered the expenses claimed by the Plaintiffs. Plaintiffs claim expenses in the aggregate of $25,782.55, which includes limited additional expenses incurred after Plaintiffs' original Application for attorneys fees and expenses was filed. Defendant does not oppose expenses in this amount. (Choicepoint Services Inc.'s Opp. to App. at 3 n. 2.) The Court has reviewed the expense items and finds both the original and additional expenses reasonable. The Court approves expenses in the total amount of $25,782.55.[3]

Finally, the Court has considered Plaintiffs' request to pay each individual plaintiff the amount of $5,000 for their time and expenses as named plaintiffs in

---

[3] The Court notes that Defendant challenged claimed travel expenses for a trip to New Orleans by counsel for Plaintiffs. If these expenses were errantly charged to this litigation, Plaintiffs should advise Defendant and this amount should be deducted from the expenses approved.

the litigation. The request is unopposed. The Court determines this payment amount is reasonable and consistent with the individual plaintiff payments approved in other class actions in this district and circuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Application of Lead Plaintiffs' Counsel Malakoff, Doyle & Finberg, P.C., and David Kupsky for Approval of Attorney' Fees & Costs and Incentive Awards to the Representative Plaintiffs [83], as amended by the Plaintiffs and agreed to by the Defendant is **GRANTED** to the extent that the Court orders that attorney's fees in the amount of $425,000 and expenses in the amount of $25,782.55 be paid by Defendant to the Plaintiffs. Plaintiffs shall apportion such award in accordance with the co-counseling agreement plaintiffs counsel entered into in connection with this litigation.

**IT IS FURTHER ORDERED** that Defendant shall pay each named plaintiff the amount of $5,000.

**SO ORDERED** this 5th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE